**In re John M. GOMES and Michelle R. Gomes, Debtors.**

No. 02–14058.

United States Bankruptcy Court, D. Rhode Island.

Aug. 25, 2003.

Marc V. Fleisig, Esq., Lincoln, RI, for Debtors.

Charles A. Lovell, Esq., Matthew Worthen, Esq., Partridge Snow & Hahn LLP, Providence, RI, for Creditor, Chase Manhattan Mortgage Corporation.

John Boyajian, Esq., Boyajian Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

## ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Chapter 13 Debtors' objection to the claim of Chase Manhattan Mortgage Corporation ("Chase"). Chase, an oversecured creditor, is owed a pre-petition arrearage of $14,844 under its Note. At issue is what rate of interest should apply to Chase's pre-petition arrearage claim under the Plan—the contract rate of 8.5%, or some other rate? Upon consideration of the arguments, analysis of the cases in which this question has been addressed, and based on the facts of this case, I conclude that the contract rate does not govern, and that the Federal Treasury Bill rate as of the date of confirmation of the Debtor's plan should apply to Chase's pre-petition claim. *See In re Porter,* 1998 WL 272874 (Bankr.D.Vt. 1998).

## FACTS

John and Michelle Gomes own real estate in Lincoln, Rhode Island, and on July 14, 1994, they obtained a mortgage from Chase and executed a promissory note in the original principal amount of $130,624, with interest of 8.5% per annum. On October 29, 2002, the Gomeses filed their Chapter 13 case and on November 12, 2002, Chase timely filed a proof of claim including both pre and post-petition arrearages. The Debtors objected to Chase's claim and at the confirmation hearing on December 19, 2002, their Plan was confirmed. The Debtors' objection to Chase's claim was heard on March 18, 2003, the parties have filed post hearing memoranda, and the matter is ready for disposition.

## DISCUSSION

If the Note and Mortgage were executed after October 22, 1994, there would be no room for dispute, and the result would be governed by 11 U.S.C. § 1322(e). *See* H.R.Rep. No. 103–835, at 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364; Pub.L. No. 103–394 § 702(b)(2)(D). However, because the instant Note was executed in July 1994, this case is controlled by *Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993),[1] where the Supreme Court held that "§ 1322(b)(5) authorizes a debtor to cure a default on a home mortgage by making payments on arrearages under a Chapter 13 plan, and that where the mortgagee's claim is oversecured, § 506(b) entitles the mortgagee to preconfirmation interest on such arrearages." 508 U.S. at 472, 113 S.Ct. 2187.

---

**1.** Section 1322(e) abrogated the holding in *Rake v. Wade,* and essentially put a stop to the collection by oversecured creditors of interest on top of interest. *See* 140 Cong. Rec. H10,-770 (Oct. 4, 1994).

While §§ 506(b) defines the extent of an oversecured creditor's claim, treatment of that claim is governed by §§ 1325(a)(5).... Section 1325(a)(5) requires [a] Creditor to receive the present value of the arrearage paid under the plan "as an element of 'allowed secured claim provided for by the plan.'" *Rake v. Wade, supra* at 475[, 113 S.Ct. 2187]. "Present value" includes an "appropriate amount of interest to compensate [Creditor] for the decreased value of the claim caused by the delayed payments." *Id.*, at 472, fn. 8[, 113 S.Ct. 2187].

*Porter*, 1998 WL 272874 at *2. Because Chase is entitled to be compensated only for the decrease in value of its pre-petition claim caused by the delay in payment of the arrearage under the Chapter 13 Plan, the question is how should that compensation be calculated? Judge Conrad held in *Porter* that the rate paid on a United States Treasury Bill with a maturity equivalent to the payment schedule under the plan is adequate compensation for any delay in payment. *Id.* I agree, but would add that where the creditor is oversecured and the asset is not traditionally a depreciating asset, there is no reason to add a "risk premium" to this calculation. Going even further, Judge Conrad held in *Porter* where the collateral was the debtor's automobile, that there was no entitlement to a risk premium.

It must be remembered that this interest is not designed to compensate Chase for interest under the promissory note. Chase has already included interest at the contract rate (plus late fees) as part of its arrearage claim. The problem is that under *Rake*, Chase would be allowed to charge interest on interest. The Debtors', whose confirmed plan is for 36 months, submit that the current three year Treasury Bill rate (4.25%) should apply to Chase's arrearage claim, and I agree. Accordingly, the Debtors' objection to claim is SUSTAINED

Enter judgment consistent with this order.